UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
07-CV-2559(JMR/FLN)

Alton S. Edwards            )
                            )     ORDER
      v.                    )
                            )
City of St. Anthony et al.  )

Pro se plaintiff, Alton S. Edwards, has sued defendants City of St. Anthony, St. Anthony Police Department, St. Anthony Police Officer Jeff Spiess, and the City of Lauderdale, claiming a violation of federal law.[1] Plaintiff, an African-American, alleges his Fourth Amendment rights were violated when he was stopped by Officer Spiess without probable cause. Defendants seek dismissal, claiming plaintiff has failed to state a claim upon which relief may be granted, or, in the alternative, summary judgment. Defendants' motion is granted.

I. Background

Plaintiff states that, on April 4, 2007, while driving, Officer Spiess (identified in the Complaint as Officer W.H., Badge #0137) stopped him at the intersection of Highway 280 and Broadway in the City of St. Anthony, Minnesota. According to plaintiff, Officer Spiess told him he was being stopped for driving with a suspended license, and ticketed for not having proof of insurance. Plaintiff states Officer Spiess would not have been able to make

---

[1] Although plaintiff's complaint also names Freeway Towing Company, all claims involving the towing company have been resolved and dismissed by agreement of the parties.

either determination without first conducting the stop, and therefore claims the stop was made without probable cause, in violation of the Fourth Amendment's prohibition against illegal searches and seizures.

Plaintiff further states his race played "a significant part" in Officer Spiess's actions.  He supports this claim by alleging he was the only African-American among a dozen drivers in the area, and that the stop was motivated by racial profiling.

In support of their motion to dismiss, defendants provide further details of the vehicle stop by attaching two affidavits by Officer Spiess, as well as his police report and the citation he issued.  The affidavits state Officer Spiess was traveling eastbound on Broadway at the intersection of Highway 280.  While driving behind plaintiff's vehicle, the Officer swears he observed multiple cracks in the windshield of plaintiff's car, which caused a glare from the sun and obstructed plaintiff's view.  Having made this observation, he ran a license plate check on the vehicle, which revealed the vehicle owner had a canceled driver's license.

According to his affidavit, Officer Spiess initiated the vehicle stop to further investigate the suspected traffic violations.  When stopped, plaintiff did not produce a valid license or proof of insurance.[2]

---

[2]Although plaintiff states in his opposition memo he possessed a valid Indiana driver's license, he did not produce a Minnesota license to Officer Spiess at the time of the stop.  The Court also

Officer Spiess issued three traffic citations: driving after cancellation, no proof of insurance, and a cracked windshield. Because plaintiff did not have a license, and was therefore not permitted to drive, Officer Spiess impounded plaintiff's vehicle and transported him to the Rosedale Mall at plaintiff's request.

Plaintiff does not dispute that his windshield was cracked. Rather, he believes Officer Spiess could not have seen the crack before initiating the stop.  Therefore, plaintiff claims Officer Spiess had no probable cause to stop him, making the stop an illegal search and seizure, in violation of the Fourth Amendment, Title VII of the 1965 Civil Rights Act, and "other germane federal law that prohibits racial profiling."[3]  He further claims the Cities of St. Anthony and Lauderdale and the St. Anthony Police Department[4] are liable for Officer Spiess's conduct on the basis of respondeat superior.  Defendants seek dismissal.

---

notes that the Indiana driver record provided by plaintiff as proof of his licensure is dated December 27, 2005.

[3] As the Complaint restricts its allegations to violations of federal law, the Court construes the claims as being brought pursuant to 42 U.S.C. § 1983.

[4] "Sheriff's departments and police departments are not usually considered legal entities subject to suit, but capacity to sue or be sued shall be determined by the law of the state in which the district county is held." Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) (citations omitted).  Because the St. Anthony Police Department is not a legal entity subject to suit under Minnesota law, the claims against it may be dismissed on that basis alone.  See Hyatt v. Anoka Police Dep't, 700 N.W. 2d 502, 506 (Minn. Ct. App. 2005) ("As a department or agent of the city, the police department is not a legal entity subject to suit.")

II.  Discussion

When considering a motion for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court construes the complaint in the light most favorable to the non-moving party. Burton v. Richmond, 276 F.3d 973, 975 (8th Cir. 2002).  The complaint must set forth factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007).  "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Stodghill v. Wellston School Dist., No. 07-1190, 2008 WL 80575, at *2 (8th Cir. Jan. 9, 2008) (citations omitted).

The Court affords pro se complaints a liberal construction. Estelle v. Gamble, 429 U.S. 97, 106 (1976).  At the same time, however, a pro se complaint must still allege sufficient facts to sustain its claims. Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004).  Plaintiff claims Officer Spiess, sued in his official capacity,[5] violated his Fourth Amendment rights.  An official capacity suit "represent[s] only another way of pleading an action

---

[5]The complaint does not expressly state whether Officer Spiess was sued in his individual capacity, as would be required had plaintiff intended to file individual claims.  See Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999).  But plaintiff concedes in his opposition brief he "has or had no intention when he filed this action to sue Officer Spiess in anything other than his official capacity."  (Pl.'s Mem. 3.)

4

against an entity of which an officer is an agent." Monell v. Dep't of Social Servs., 436 U.S. 658, 691 n.55 (1978). The claims against Officer Spiess, therefore, are the same as his claims against Spiess's employer, the City of St. Anthony.

While a federal civil rights claim may be brought against a municipality under 42 U.S.C. § 1983, federal law does not permit a municipality to be held liable for unconstitutional acts of employees under theories of respondeat superior. Monell, 436 U.S. at 691. "[A] municipality may not be found liable unless action pursuant to official municipal policy of some nature caused a constitutional tort." Szabla v. City of Brooklyn Park, 486 F.3d 385, 389 (8th Cir. 2007) (quotations omitted). A federal claim against a municipality alleging a constitutional violation is referred to as a Monell claim.

Plaintiff's complaint does not identify any custom or policy for either the City of St. Anthony or the City of Lauderdale which caused plaintiff's alleged constitutional violation. The complaint merely describes a single incident of alleged unconstitutional conduct. An isolated incident cannot, as a matter of law, establish a persistent widespread pattern of unconstitutional misconduct necessary to state a Monell claim. Thelma D. Ex. Rel. Delores A. v. Board of Education, 934 F.2d 929, 933 (8th Cir. 1991). Because the complaint fails to allege facts necessary to establish a municipal pattern or custom, it fails to state a claim under federal law.

Even if the complaint had alleged the requisite pattern, the Court finds no constitutional violation here.  As the Eighth Circuit recently stated:

> [P]robable cause that a driver has committed any traffic violation, no matter how minor, provides sufficient justification under the Fourth Amendment to stop a vehicle.  The officer's subjective motivation is irrelevant.  Even if the officer was influenced by an impermissible motive, a traffic stop does not violate the driver's rights under the Fourth Amendment to be free from unreasonable seizures, as long as the circumstances, viewed objectively, justified the seizure.

<u>Sherbrooke v. City of Pelican Rapids</u>, No. 06-4072, 2008 WL 150695, at *3 (8th Cir. January 17, 2008) (citations and emphasis omitted). The same is true under Minnesota law.  <u>See</u> <u>State v. George</u>, 557 N.W.2d 575, 578 (Minn. 1997).

Officer Spiess's affidavit claims he observed a cracked windshield.  Plaintiff does not dispute his windshield was cracked. Minnesota law prohibits operating a motor vehicle with a windshield crack limiting or obstructing proper vision. Minn. Stat. § 169.71, subd. 1 (2006).  On that basis alone, Officer Spiess had probable cause to stop plaintiff's vehicle.  Beyond this, he ran a license plate check showing a possible unlicensed driver prior to the stop. Either the cracked windshield or the unlicensed driver was sufficient to afford probable cause for the traffic stop.

III.  <u>Conclusion</u>

For the reasons stated above, the Court finds plaintiff's claims must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim.  Accordingly, IT IS ORDERED that:

6

    1.   Defendants' motion to dismiss [Doc. No. 7] is granted.

    2.   This matter is dismissed with prejudice.

    LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:   February 7th, 2008

                                                  <u>s/James M. Rosenbaum</u>  
                                                  JAMES M. ROSENBAUM  
                                                  United States Chief District Judge